UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

------------------------------------------------------------------------x

Sayquan McLaurin
c/o: Meridian Law, LLC
1212 Reisterstown Road
Baltimore, MD 21208,

               Plaintiff,                        C.A. No.:

    -against-

Equifax information Services, LLC
c/o: C Corporation System
4701 Cox Road, Suite 285
Glen Allen, VA 23060-6808

Experian Information Solutions, Inc.,
c/o: CT Corporation System
5098 Washington Street W, Suite 407
Charleston, WV 25313-1561

Ability Recovery Services,
c/o: CSC - Lawyers Incorporating Service
251 Little Falls Drive
Wilmington, DE 19808-1674

               Defendant(s).

------------------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR JURY TRIAL**

     Plaintiff Sayquan Mclaurin ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Experian Information Solutions, Inc. ("Experian"), Defendant Equifax Information Services, LLC ("Equifax") and Defendant Ability Recovery Services,

("Ability") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff also brings this action for damages arising from Ability's violations of law arising under U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

5. Plaintiff is a resident of the State of Virginia, County of Fairfax City.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c) and 15 U.S.C.§ 1692a(3).

7. Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a corporation registered to do business in the State of Virginia and may be served with process upon the C T Corporation System, its registered agent for service of process at 4701 Cox Rd. Ste. 285, Glen Allen, VA 23060-6808.

8. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is a corporation registered to do business in the State of Virginia and may be served with process upon the C T Corporation System, its registered agent for service of process at 5098 Washington St W Ste 407 Charleston, WV 25313-1561.

11. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

12. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

13. Defendant Ability Recovery Service is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process upon the CSC - Lawyers Incorporating Service, its registered agent for service of process at 251 Little Falls Drive, Wilmington, DE 19808-1674.

14. Upon information and belief, a debt obligation was allegedly created to the original creditor, Penn Foster.

15. Upon information and belief, Penn Foster contracted with Ability for the purpose of debt collection.

16. In the alternative, upon information and belief, Penn Foster sold the alleged debt to Ability for the purpose of debt collection.

17. As Ability was either contracted for the purpose of debt collection or purchased the alleged debt for purpose of collection, Ability is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

18. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

## FACTUAL ALLEGATIONS

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Ability Recovery Services Dispute and Violation

20. Upon information and belief, on a date better known to Experian and Equifax, ("the Bureaus") the Bureaus prepared and issued credit reports concerning Plaintiff that included inaccurate and misleading information relating to his Ability Recovery Services account with an account number of D130695******* ("Account") (balance of $919; original creditor listed is Penn Foster.)

21. As an initial matter, Plaintiff maintains that he does not owe a balance of $919 for the Account.

22. It is therefore inaccurate and materially misleading to report a derogatory collection Account on Plaintiff's credit report for a false amount owed.

23. Additionally, the inaccurate information furnished by Ability and published by the Bureaus is inaccurate since this derogatory collection Account should not be reporting on Plaintiff's credit reports at all.

24. Furthermore, the Account was previously deleted from Plaintiff's credit report after he disputed the Account and then was wrongfully reinserted without reason or the requisite notice to Plaintiff.

25. Plaintiff disputed the Account with the Bureaus with a letter dated March 8, 2023.

26. Subsequently, on Plaintiff's credit report dated April 7, 2023, the Account was deleted from Plaintiff's Transunion and Experian credit reports.

27. Plaintiff disputed a second time to Equifax with a dispute letter dated April 10, 2023.

28. Plaintiff's credit report generated on May 8, 2023 demonstrates the Account was deleted from his Equifax credit report but reappeared on Plaintiff's Experian credit report.

29. Plaintiff re-disputed the Account with a letter dated May 15, 2023.

30. On June 23, 2023, Plaintiff pulled his credit report and was shocked to see that the Account was now re-inserted onto both his Equifax and Experian credit reports.

31. Furthermore, the Account was now reporting without any notation that the consumer disputed the Account, in violation of the law.

32. Without sending the required warning letter, the Account was re-inserted on Plaintiff's credit report without his prior knowledge or permission.

33. Clearly, the Bureaus did not adequately investigate Plaintiff's disputes as they deleted and then reinserted the same Account within such a short period of time.

34. Plaintiff was understandably very frustrated and upset that the Bureaus had re-inserted the Account behind his back after they duly removed it after receiving his prior dispute.

35. Prior to Plaintiff's March 8, 2023 and April 10, 2023 disputes, the Account was listed with an open date of March 1, 2022.

36. Later, Defendants re-aged the Account, now listing the open date as March 1, 2023.

37. By listing the Account with an open date that is a year more recent that it should be, Defendants falsely represent that the Account is more recently delinquent than it is, lowering Plaintiff's credit score and exaggerating the derogatory nature of Plaintiff's creditworthiness.

38. More recently derogatory accounts are held against consumers to a greater extent that older derogatory accounts.

39. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

40. Upon information and belief, the Bureaus sent Ability notice of Plaintiff's multiple disputes.

41. Had Ability performed a reasonable investigation of Plaintiff's multiple disputes, it would have been revealed to Ability that the Account was being improperly listed on the Plaintiff's credit report with a balance, should not be reporting at all as it was duly deleted, should be marked with the requisite notation of "disputed by consumer" and should not be listed with a more recent open date.

42. Defendants failed to mark the Account as disputed, despite receiving Plaintiff's multiple disputes.

43. Despite the disputes by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed Account, The Bureaus did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

44. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

45. Had The Bureaus performed a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the Account was improperly re-inserted into the Plaintiff's credit report without warning or permission, was not being reported with the requisite notation of "disputed by consumer" and was "re-aged" to make the open date appear more recent than it should be reporting.

46. The Bureaus also violated 15 U.S. Code § 1681i(a)(5)(B)(ii), which requires the Credit Reporting Agencies "to notify Plaintiff of the reinsertion in writing no later than 5 business days after the reinsertion".

47. Plaintiff never received any notification of the reinsertion from the Bureaus.

48. Furthermore, the Bureaus were required under 15 U.S. Code § 1681i(a)(5)(C) to maintain reasonable procedures to prevent the reappearance of information that was previously deleted from a consumer's credit report.

49. The Bureaus failed to maintain such reasonable procedures as the duly deleted information was reinserted onto Plaintiff's credit report.

50. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

51. As a result of the Defendants' failures to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

52. Plaintiff applied for a personal loan with SoFi and received a letter of denial dated June 1, 2023.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to the Bureaus)

53. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

54. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

55. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

56. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of The Bureaus to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

57. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

58. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

59. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Sayquan Mclaurin, an individual, demands judgement in his favor against Defendant, the Bureaus, for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to the Bureaus)

60. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

61. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

62. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

63. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

64. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

65. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

66. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Sayquan Mclaurin, an individual, demands judgement in his favor against Defendant, the Bureaus, for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Ability)

67. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

68. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

69. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

70. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

71. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

72. Ability violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

73. Specifically, Ability continued to report the Account on the Plaintiff's credit report after being notified of his dispute regarding the reporting of the Account.

74. Additionally, Ability re-inserted the Account on Plaintiff's credit report without warning after previously deleting it or failing to respond to the notice of dispute provided by the Credit Reporting Agencies within 30 days.

75. As a result of the conduct, action and inaction of Ability, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

76. The conduct, action and inaction of Ability was willful, rendering Ability liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

77. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Ability in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Sayquan Mclaurin, an individual demands judgement in his favor against Ability in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Ability)**

78. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

79. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

80. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

81. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

82. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a

furnisher such as the Defendant must be reported to other agencies which were supplied such information.

83. Ability is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

84. After receiving the Dispute Notice from the Bureaus, Ability negligently failed to conduct its reinvestigation in good faith.

85. A reasonable investigation would require a furnisher such as Ability to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

86. Additionally, Ability re-inserted the Account on Plaintiff's credit report without warning after previously deleting it or failing to respond to the notice of dispute sent to Ability by the Credit Reporting Agencies within 30 days.

87. The conduct, action and inaction of Ability was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

88. As a result of the conduct, action and inaction of Ability, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

89. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Ability in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Sayquan Mclaurin, an individual, demands judgement in his favor against Ability for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION

### (Violations of the FDCPA as to Ability)

90. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

91. When Ability re-reported the Account after it received Plaintiff's dispute, Defendant failed to list the account as "disputed by consumer" despite being required to do so by the FDCPA, § 1692(e)(8).

92. Ability's reporting of the Account with a more recent open date of March 2023 is in violation of §1692(e)(2) as the false open date mischaracterizes the legal status and character of the alleged debt.

93. Ability's reporting of the Account with a more recent open date of March 2023 is also in violation of §1692(e)(10) as the false open date is a false representation and deceptive means to collect or attempt to collect a debt.

94. Furthermore, Ability continues to report the Account on the Plaintiff's credit report despite its own failure and inability to properly verify that the Account is actually the Plaintiff's personal liability.

95. Ability's failures constitute violations of various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

96. As a result of the Ability's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**DEMAND FOR TRIAL BY JURY**

97. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

h) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

i) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

j) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

k) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  November 22, 2023

Respectfully Submitted,

*/s/ Aryeh E. Stein*
Meridian Law, LLC
By:  Aryeh E. Stein, VSB 45895
1212 Reisterstown Road
Baltimore, MD 21208
Phone: 443-326-6011
Fax: 410-782-3199


Stein Saks, PLLC
Tamir Saland, Esq.
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
tsaland@steinsakslegal.com
Pro Hac Vice forthcoming